# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-266 (1) (NEB/KMM) |
| Plaintiff, | |
| v. | ORDER |
| NAEEM LATEEF GOREE, | |
| Defendant. | |

Defendant Naeem Lateef Goree was indicted for knowingly failing to register and update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250. On October 11, 2019, Goree made his initial appearance and the government moved for his pretrial detention pursuant to 18 U.S.C. § 3142(f)(1)(E). [ECF No. 6.] On October 15, 2019, Magistrate Judge Tony N. Leung held an evidentiary hearing on the government's motion; he granted the motion on October 17, 2019. [ECF Nos. 9, 14.] On December 11, 2019, Goree moved for review and revocation of the detention order pursuant to 18 U.S.C. § 3145(b), seeking a hearing to receive evidence and hear arguments. [ECF No. 33.] The government moved to dismiss Goree's motion as untimely. [ECF No. 34.] The Court denied Goree's request for an evidentiary hearing, [ECF No. 41], and heard the parties' arguments during a hearing on January 22, 2020. [ECF No. 42.]

## I. The Government's Motion to Dismiss

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the detention order. Section 3145(b) does not contain an express time limit for filing such motion. The government maintains that the time limitation set forth in Local Rule 72.2(a)(1) and Rule 59(a) of the Federal Rules of Criminal Procedure applies to Goree's motion for review of the detention order. Local Rule 72.2(a)(1) provides:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to and decided by a magistrate judge, a party may seek review of the magistrate judge's order on the matter as follows: (1) Objections. *A party may file and serve objections to the order within 14 days after being served with a copy*, unless the court sets a different deadline. A party may not assign as error a defect in the order not timely objected to.

D. Minn. LR 72.2(a)(1) (emphasis added); s*ee generally United States v. Perez*, No. 19-CR-2591 (PJS/ECW), 2019 WL 5561417, at *1 (D. Minn. Oct. 29, 2019) (construing objections to a magistrate judge's order under L.R. 72.2 as a § 3145(b) motion for revocation or amendment of a detention order). Rule 59(a) of the Federal Rules of Criminal Procedure provides in relevant part:

> (a) Nondispositive Matters. A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense . . . . *A party may serve and file objections to the order within 14 days after being served with a copy of a written order* or after the oral order is stated on the record . . . . The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. *Failure to object in accordance with this rule waives a party's right to review.*

Fed. R. Crim. P. 59(a) (emphasis added).

The government maintains that the detention order is a nondispositive matter decided by a magistrate judge, and thus, the 14-day time limitation of Local Rule 72.2(a)(1) and Rule 59(a) applies. *See, e.g.*, *United States v. Tooze*, 236 F.R.D. 442, 446 (D. Ariz. 2006) (noting that parties "have a right to seek review of magistrate judge decisions" under § 3145(a), but "[t]hat right is lost under Rule 59(a) by a failure to appeal within 10 days"). Because Goree filed his motion nearly eight weeks after the detention order was filed, the government asserts that he waived his right to review.

Goree's position is that Rule 59(a) and Local Rule 72.2(a)(1) do not apply to his motion, because those rules apply only to matters that have been referred to and decided by magistrate judges under 28 U.S.C. § 636(b). Under section 636(b), "a judge *may designate a magistrate judge* to hear and determine any pretrial matter pending before the court," with some exceptions. 28 U.S.C. § 636(b)(1)(A) (emphasis added). Both Rule 59 and Local Rule 72.2(a) address non-dispositive matters referred to a magistrate judge, arguably invoking their authority under Section 636(b). *See* Fed. R. Crim. P. 59(a) ("A district judge *may refer to a magistrate judge for determination* any matter that does not dispose of a charge or defense.") (emphasis added); D. Minn. LR 72.2(a) ("When a pretrial matter not dispositive of a party's claim or defense *is referred to and decided by a magistrate judge . . .* ") (emphasis added).

Section 626(a) of the Magistrate Judges Act is different. It gives magistrate judges direct authority over detention proceedings, including the power to "issue orders

pursuant to [18 U.S.C. § 3142] concerning the release or detention of persons pending trial." 18 U.S.C. § 636(a)(2). Goree argues that because pretrial detention proceedings are not *referred* to magistrate judges, the procedural rules applicable to matters referred to magistrate judges do not apply.

While the Eighth Circuit has not yet addressed this issue, the Tenth Circuit has held that it is error to apply Rule 59(a)'s time limit to a motion to vacate pretrial release conditions under § 3145(a). *See United States v. Doby*, 928 F.3d 1199, 1207–08 (10th Cir. 2019) (noting Rule 59(a)'s operation is premised upon the referral of a matter to a magistrate judge by a district judge, consistent with 28 U.S.C. § 636(b), but not with § 636(a)). The government maintains that *Doby* was decided incorrectly, and notes that the Tenth Circuit declined to reach arguments based on the Local Rules because they were raised for the first time on appeal. *See id*. at 1207 n.4.[1]

---

[1] The government also cites opinions that rely on other districts' local rules limiting the time in which a defendant may appeal a detention order. Because these districts' local rules differ from those of this District, they are inapposite. *See, e.g.*, *United States v. Desjarlais-Frost*, No. 216CR177JCMPAL, 2016 WL 7478964, at *1 (D. Nev. Dec. 29, 2016) ("'Any party seeking review of a release or detention order by a district judge must, within 14 days from the date of service of the release or detention order, file and serve a motion for review.' LR IB 3–5."); *United States v. Burch*, No. 412CR00051JEGRAW, 2013 WL 12062261, at *1 n.1 (S.D. Iowa Aug. 16, 2013) ("An appeal from a detention order must be filed within 14 days after the detention order has been filed." (citing S.D. Iowa Crim. R. 5(a)); *see* S.D. Iowa Crim. R. 5(a) ("A party may appeal from a release or detention order issued by a magistrate judge by filing a motion pursuant to 18 U.S.C. § 3145(a) or (b) for revocation or amendment of the order. Subject to excuse for good cause shown, the motion must be filed within 14 days after the release or detention order has been filed.")).

These arguments, however, may be saved for another day. Even if the 14-day requirement applies to the review of detention orders, the Court may review a magistrate judge's decision in the Court's discretion if a party's objection is filed beyond 14 days. The Advisory Committee Notes to Rule 59 state that "[d]espite the waiver provisions, the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed." Fed. R. Crim. P. 59 advisory committee's note to 2005 amendment (citing *Thomas v. Arn*, 474 U.S. 140, 154 (1985)). Similarly, the deadline for filing objections under Local Rule 72.2(a) is "not jurisdictional." *Prewitt v. Reiser*, No. 13-CV-2866 (JRT/LIB), 2014 WL 5325356, at *5 n.3 (D. Minn. Oct. 20, 2014); *see* Minn. Dist. Ct. L.R. 72.2(a)(3) (not restricting the court's ability to consider timely objections, and expressly providing that "[t]he district judge may also reconsider on his or her own any matter decided by the magistrate judge but not objected to."). Courts have considered late-filed objections where the filing was not egregiously late and caused no prejudice to an adverse party. *See, e.g.*, *Prewitt*, 2014 WL 5325356, at *5 n.3 (considering objections that were untimely under L.R. 72.2(a)(1)). And the government agrees that the Court can exercise its discretion to hear the matter.

In the interests of judicial efficiency, the Court will exercise its discretion to consider Goree's motion. The government does not assert that it would be prejudiced by Goree's late filing. Because the Court chooses to exercise its authority to review Goree's

motion, it need not decide whether the 14-day limitation of the procedural rules applies

to reviews of detention orders. The government's motion to dismiss is denied as moot.

## II.     Goree's Motion for Review of the Detention Order

Turning to the substance of Goree's motion for review of the detention order, the

Court conducts a *de novo* review. *See United States v. Maull*, 773 F.2d 1479, 1481-82 (8th

Cir. 1985); *Perez*, 2019 WL 5561417, at *1. The Court has considered the record before the

Magistrate Judge, including the Pretrial Services Report and Addendum prepared by U.S.

Probation and Pretrial Services, and the transcript of the October 15, 2019 detention

hearing. [ECF Nos. 12 ("PSR"), 13 ("PSR Add."), 37 ("Det. Hr'g Trans.")]; *see United States*

*v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990) ("[T]he district court is not required to start

over in every case, and proceed as if the magistrate's decision and findings did not

exist.").

As noted above, Goree has been indicted with failing to register as a sex offender

under SORNA. In 2009, Goree pled guilty to a qualifying sexual offense in Alabama and

is required to register under SORNA for life. (*See* PSR Add. at 2; Det. Hr'g Trans. at 6.)

Goree registered in the state of Missouri until April 2017. (PSR Add. at 2.) He has been

noncompliant with his registration requirements in that state since September 2017. (*See*

*id*.; Det. Hr'g Trans. at 7.)

By December 2018, Goree had moved to Minnesota. (Det. Hr'g Trans. at 7.) Goree

failed to comply with SORNA's requirement to register within three business days of

changing residence. (*See* PSR Add. at 2; 34 U.S.C. § 20913.) The record before Judge Leung

indicates that Goree is unemployed. (PSR at 1.) He applied to Minnesota agencies for

benefits and for a driver's license. (Det. Hr'g Trans. at 8.) He listed an address in

Minneapolis on both applications, but told Pretrial Services that he has been homeless

since moving to Minnesota.[2] (*Compare* Det. Hr'g Trans. at 8 *with* PSR at 1.)

Upon the birth of Goree's child in August 2019, medical staff at the Hennepin

County Medical Center learned that Goree was required to register as a predatory

offender. (PSR Add. at 2–3.) They informed him that he would not be permitted to visit

his child until he met this requirement. (*Id*. at 3.) Goree did not register for such status in

the state of Minnesota. (*Id*.) He appeared at a court appearance for child protective

services ("CPS") proceedings, but as of the detention hearing, had not been staying in

touch with the caseworker for the CPS case. (Det. Hr'g Trans. at 10.)

At the detention hearing, Goree's pastor, Reverend Michael Wasylik, testified that

he was aware that Goree was required to register as a sex offender, and that Goree had

not done so. (*Id*. at 19.) He also testified that Goree and his wife traveled to the state of

Oklahoma after their child was born, but before Goree was indicted. (*Id*. at 18–19.) He

testified that "the nature of the trip was to follow up for Section 8 housing for [Goree's

wife] in Oklahoma." (*Id*. at 18.) The government's witness, Senior Inspector Matthew

---

[2] At the hearing, Goree's counsel indicated that because Goree was homeless, he listed a friend's address to obtain benefits and a driver's license. Goree's counsel also noted that Goree's wife has obtained housing for them.

Moran of the United States Marshals Service, testified that he interviewed Goree before his initial appearance on October 11, 2019, and that during that interview, Moran asked Goree if he had ever left the state of Minnesota between December 2018 and the present date. (*Id*. at 22.) According to Moran's testimony, "[Goree] said he never left the state after he got here to Minnesota in around December 2018. That he was here the whole time." (*Id*.) At the hearing before this Court, Goree's counsel argued that the transcript of Moran's interview with Goree shows that Moran mis-remembered his question; that rather than asking if Goree had left Minnesota, he had asked if Goree had returned to Missouri.

Even setting aside Moran's interview of Goree, Goree has demonstrated a disregard for authority by failing to register in Minnesota under SORNA, despite being told to do so by CPS, and by failing to maintain contact with the CPS caseworker. Moreover, he has no employment here, and he and his wife have made attempts to relocate to Oklahoma. Based on the record before the Court, the Court finds that the government has shown, by a preponderance of the evidence, that Goree poses a risk of flight and no condition or combination of conditions will reasonably ensure his future appearance before this Court. *See United States v. Orta*, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (Section 3142 "does not expressly state the appropriate evidentiary standard necessary to support a finding of propensity for flight, indicating the preponderance of evidence standard usually applied in pretrial proceedings is appropriate").

Based on the foregoing and on all the files, records, and proceedings herein, IT IS

HEREBY ORDERED THAT:

1.    Defendant Goree's Motion for Review and Revocation of the Order of

Detention is DENIED [ECF No. 33];

2.    The Government's Motion to Dismiss Defendant's Motion for Review of

Detention Order is DENIED AS MOOT [ECF No. 34]; and

3.    Defendant Goree is ORDERED to be detained pending trial.


Dated: January 30, 2020                    BY THE COURT:

                                           s/Nancy E. Brasel
                                           Nancy E. Brasel
                                           United States District Judge